IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RUTH CARROLL

    Plaintiff,

v.                                        Civil Action No. 5:07CV127
                                                              (STAMP)

AMEX ASSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND**

I. Background

The plaintiff in the above-styled civil action, Ruth Carroll ("Carroll"), sued the defendant, AMEX Assurance Company ("AMEX"), in the Circuit Court of Ohio County, West Virginia. In her complaint, Carroll alleges that AMEX wrongly denied her claims for benefits under the accidental death provisions of an insurance policy to which Carroll is the beneficiary. Carroll asserts causes of action for breach of contract; violation of West Virginia's Unfair Claims Settlement Practices Act; violation of the common-law duty of good faith and fair dealing; and intentional infliction of emotional distress. Carroll seeks $2 million in compensatory damages and $5 million in punitive damages.

Pursuant to this Court's diversity jurisdiction, AMEX removed the action to this Court, even though Carroll had not yet provided

AMEX with a copy of the complaint[1] or served AMEX with process.[2] Carroll subsequently filed a motion to remand, arguing that AMEX's removal was untimely. AMEX filed its response in opposition, and Carroll filed her reply.

The parties dispute whether formal service of process is required before a defendant is permitted to remove an action to federal court and, thus, whether this action is properly before this Court on AMEX's notice of removal. Carroll argues that because the state time period for effecting service of process had not expired, the case was not subject to removal until service of process upon AMEX was effected. AMEX contends that it need not have waited for formal service of process to remove. After reviewing the parties' briefs and the applicable law, this Court finds that Carroll's motion to remand this action must be denied for the reasons stated below.

## II. Applicable Law

A. Procedural Requirements

Pursuant to 28 U.S.C. § 1441, diversity actions are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is

---

[1] By what means AMEX obtained the complaint is unclear, but the parties do not dispute that Carroll filed the complaint in state court on August 21, 2007, or that AMEX obtained a copy.

[2] That the time for effecting service of process in state court had not yet run is not contested.

brought." 28 U.S.C. § 1441(b). The procedure for removal is governed by 28 U.S.C. § 1446. Section 1446 provides, in relevant part:

> (a) A defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant.

28 U.S.C. § 1446 (a),(b).

Section 1447(c) governs remand procedures and provides, in pertinent part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1446(c).

B. <u>Subject Matter Jurisdiction</u>

Unlike procedural defects, lack of subject matter jurisdiction may be raised at any time before final judgment. <u>Id.</u> A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). The party

3

seeking removal bears the burden of establishing federal jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  Id.

The parties do not, at this stage of the proceedings, dispute diversity of citizenship or the amount in controversy.  Therefore, the only question before this Court is whether removal by AMEX was premature.

### III.  Discussion

In support of her motion to remand, Carroll contends that AMEX had no right to remove the action until Carroll obtained service of process on AMEX.[3]  According to Carroll, the thirty-day time period under § 1446 in which a defendant must remove an action governs not only the last date by which a removal must occur but also the first date on which it is permitted to occur.  Essentially, Carroll urges this Court to find that the start of the period in which a

---

[3]Carroll also contends that AMEX may not first invoke this Court's diversity jurisdiction through removal before service of process, then assert the affirmative defenses of insufficiency of process and insufficiency of service of process.  AMEX maintains that it did not waive these affirmative defenses by removing the action before being formally served.  This Court observes that the proper mechanism for arguing issues concerning insufficiency of process or insufficiency of service of process as affirmative defenses is a motion to dismiss under Federal Rule of Civil Procedure 12(b), not a motion to remand under 28 U.S.C. § 1447. Accordingly, this Court does not reach the parties' arguments on issues relating to sufficiency of process or sufficiency of service of process.

4

defendant is permitted to remove an action does not begin until the plaintiff formally serves the defendant with the complaint.

In support of her position that service of process is a prerequisite to removal, Carroll relies on <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999). In <u>Murphy Bros.</u>, the United States Supreme Court construed 28 U.S.C. § 1446(b) to determine what action is necessary to trigger the thirty-day deadline for removal. The <u>Murphy Bros.</u> plaintiff had sent a copy of the complaint by facsimile to the defendant two weeks before formally serving the defendant with the complaint. The defendant removed the action within thirty days of receiving formal service but more than thirty days after receiving the facsimile of the complaint. Emphasizing the term "otherwise" in § 1446(b), the plaintiff contended that the defendant's removal was untimely because the notice of removal was filed more than thirty days after the defendant received, "through service or otherwise," a copy of the complaint. The Court rejected the plaintiff's argument. Service of process, not the facsimile, triggered the thirty-day removal period during which the defendant was required to remove.

AMEX contends that it did not need to wait for formal service of process before it was permitted to remove. According to AMEX, Carroll's reliance on <u>Murphy Bros</u>. is misplaced. <u>Murphy Bros.</u>, AMEX argues, concerned the mechanism for determining the last day

by which a defendant must remove, not the first day upon which a defendant may remove. This Court agrees.

Although the United States Court of Appeals for the Fourth Circuit appears not to have ruled on this issue, the weight of authority favors AMEX's position. The removal statute is silent on when, if ever, the filing of a removal notice is premature. A number of federal courts, however, have found that a defendant may remove a case after the plaintiff has filed a complaint but before the defendant has been formally served. See, e.g., Delgado v. Shell Oil Co., 231 F.3d 165, 177 (5th Cir. 2000)(removal not premature where notice of removal was filed before formal service upon third-party defendants); Arthur v. Litton Loan Servicing, L.P., 249 F. Supp. 2d 924, 931 (E.D. Tenn. 2002) (defendants need not be formally served before they are permitted to exercise their right of removal); Massey v. Cassens & Sons, Inc., 2006 WL 381943 at *1 (S.D. Ill. Feb. 16, 2006) (declining to require that a removing defendant receive service before removing); Miller v. Cottrell, Inc., 2006 WL 1313367 at **2,3 (W.D. Mo. May 12, 2006) (service not prerequisite to removal); Bell v. First Family Financial Services, Inc., 2006 WL 1307950 (S.D. Miss. May 10, 2006)("a notice of removal filed after the complaint, but before service of the complaint, is not premature but rather timely").

Additionally, the removal statute clearly provides for service of process after removal. Section 1448 provides, in pertinent part:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be contemplated or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. In light of the foregoing, this Court discerns no defect in AMEX's removal procedure merely because AMEX removed the case before being formally served with the complaint. Therefore, this Court finds that Carroll's motion to remand must be denied.

### IV. <u>Conclusion</u>

For the reasons stated above, this Court concludes that the defendant, AMEX Assurance Company, did not prematurely remove this action by filing the notice of removal after the complaint was filed in state court but before process was formally served by the plaintiff, Ruth Carroll. Accordingly, the plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      December 7, 2007

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE